UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ALAN JOSEPH MURY,**

   Petitioner,

v.                               No. 4:23-cv-0730-P

**BOBBY LUMPKIN, DIRECTOR,
TEXAS DEPARTMENT OF
CRIMINAL JUSTICE-CORRECTIONAL
INSTITUTIONS DIVISION,**

   Respondent.

## OPINION AND ORDER

Came on for consideration the petition of Alan Joseph Mury under 28 U.S.C. § 2254. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the petition must be **DISMISSED**.

### BACKGROUND

On September 1, 2011, Petitioner was sentenced to a term of imprisonment of twelve years following his conviction under Case No. 66166 in the 264th District Court, Bell County, Texas, for aggravated sexual assault. ECF No. 20-7 at 6–8. On November 20, 2018, he was released on parole. *Id.* at 44, 51. On March 11, 2022, his parole was revoked. *Id.* Petitioner filed a state application for writ of habeas corpus challenging the revocation. *Id.* at 13–33. The trial court issued findings of fact and conclusions of law. *Id.* at 108–22. The Court of Criminal Appeals of Texas denied the petition without written order on the findings of the trial court without hearing and on the Court's independent review of the record. ECF No. 20-8.

Petitioner raises four grounds in support of his federal habeas application:

(1) Petitioner's due process rights were violated because he was denied the right to counsel, the right to call witnesses he requested, the right to present evidence, and a fair and impartial hearing officer at his preliminary revocation hearing.

(2) Petitioner's equal protection rights were violated because anticipated charges were used to prevent Petitioner from attending programs available to similarly-situated parolees.

(3) Petitioner was improperly discharged from his treatment program in violation of due process. And,

(4) The state courts violated Petitioner's rights to due process by failing to properly interpret and respond to filings he made.

ECF No. 1 at 6–7.

## STANDARDS OF REVIEW

### A.   Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*,

529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence).

A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Court of Criminal Appeals of Texas denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**B.    Parole Revocation**

Parole revocation proceedings are not criminal cases; hence, the full panoply of rights in a criminal case does not apply. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). The minimum requirements of due process in a revocation include: (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking parole. *Id.* at 489. The state's burden of proof in a revocation proceeding is considerably less than the reasonable doubt standard, requiring only a preponderance of the evidence. *Villarreal v. U.S. Parole Comm'n*, 985 F.2d 835, 839 (5th Cir. 1993). Due process requires only that there be some evidence in the

record to support the decision. *Id.*; *Maddox v. U.S. Parole Comm'n*, 821 F.2d 997, 1000 (5th Cir. 1987).

C. **Exhaustion**

The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivations of constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The petitioner must present his claims to the highest court of the state, here, the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). And, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal court. The petitioner cannot present one claim in federal court and another in state court. *Id.* at 275–76. Presenting a "somewhat similar state-law claim" is not enough. *Anderson*, 459 U.S. at 6; *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001).

For the Court to reach the merits of unexhausted claims, the petitioner must demonstrate either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent of the offense for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish actual innocence, the petitioner must provide the Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In other words, actual innocence means factual innocence, not merely legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

## ANALYSIS

Respondent first notes that Petitioner failed to present his second ground for relief to the state courts before urging it here. ECF No. 19 at 4–9. The Court agrees. The ground is not one presented in Petitioner's state habeas application. ECF No. 20-7 at 20–26. Because Petitioner failed to exhaust this ground, he is not able to obtain federal habeas

relief on it. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Petitioner would not now be able to pursue this claim in state court inasmuch as Texas consistently applies the abuse of the writ doctrine. *Hughes v. Quarterman*, 530 F.3d 336, 342 (5th Cir. 2008). Thus, the state courts need not have explicitly ruled to that effect; the federal procedural default doctrine precludes federal habeas review. *Coleman*, 501 U.S. at 735 n.1; *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997).

In his third ground, Petitioner alleges that he was improperly discharged from his sex offender program. ECF No. 1 at 7. However, writs of habeas corpus are limited to parole challenges regarding "the result of a specific defective parole hearing" or instances where resolution would automatically entitle the petitioner to accelerated release from custody. *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995). Such is not the case here. Further, the Fourteenth Amendment pertains to a acts of the state and not to acts of private persons. *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982). Here, the state court found that the treatment program instructor who discharged Petitioner from the sex offender program was not a state employee, but was employed privately. ECF No. 20-7 at 112.[1]

In his fourth ground, Petitioner complains about the state's failure to respond to his motions and objections and failure to properly interpret his claims. ECF No. 1 at 7. Infirmities in state court proceedings do not constitute grounds for relief in a federal habeas proceeding. *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987); *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984).

Petitioner's first ground was adjudicated in the state habeas proceeding and determined to be without merit. The trial court made numerous findings and conclusions. ECF No. 20-7 at 108–22. The Court of Criminal Appeals denied the petition on those findings and on its own review. ECF No. 20-8. Petitioner has not met his burden of rebutting the

---

[1] As Respondent notes, to the extent this ground could be construed as a claim that Petitioner's discharge from the sex offender treatment program was an improper ground for revocation of his parole, such ground is unexhausted and procedurally barred. ECF No. 19 at 10 & n.4.

presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486. The record reflects that Petitioner received all the process he was due.

## CONCLUSION

For the reasons discussed, the petition is **DISMISSED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **8th day** of **January 2024.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE